UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
ALY DOMINIQUE,                                              :
                                                            :         DECISION AND ORDER
                        Petitioner,                         :         09-cv-623 (WFK)
                                                            :
            -against-                                       :
                                                            :
DALE ARTUS, SUPERINTENDENT,                                 :
                                                            :
                        Respondent.                         :
                                                            :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Petitioner Aly Dominique. Following a jury trial in state court, Petitioner was convicted of attempted murder in the second degree and conspiracy in the second degree. Petitioner has brought numerous, unsuccessful state collateral attacks on his conviction—often at improper procedural junctures—and his direct appeal of the conviction was denied by the New York State Supreme Court, Appellate Division, Second Department (the "Second Department"). Now, Petitioner seeks federal habeas relief in this Court alleging fourteen constitutional violations. However, the majority of Petitioner's claims were never fairly presented to the state courts and can no longer be brought there. Three of Petitioner's claims were dismissed on independent and adequate state grounds. And Petitioner's one claim that is ripe for review in this Court is plainly meritless. For the reasons below, the petition for the writ of habeas corpus is denied in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2000, Petitioner plotted to kill his deceased brother's wife (hereinafter "the victim"). (Dkt. 18, Resp't's Br. in Opp., Declaration of Andrea M. DiGregorio ("Decl.") ¶ 4). On October 30, 2000, Petitioner drove two hitmen to the victim's home where the hitmen waited in ambush. (*Id.*) When the victim emerged, the hitmen shot her in the head and hand, but the injuries were not fatal. (*Id.*) Petitioner was arrested the next day following an investigation.

(*Id.*) After being advised of his rights, Petitioner confessed, orally and in writing, to his efforts in attempting to have the victim killed. (*Id.*) Petitioner was indicted in Nassau County for attempted murder in the first degree, assault in the second degree, and conspiracy in the second degree. (*Id.* ¶ 5).

During a jury trial in Nassau County Court, Petitioner successfully requested that attempted murder in the second degree be charged to the jury as a lesser included offense. (*Id.* ¶ 6). On February 25, 2002, Petitioner was convicted of attempted murder in the second degree and conspiracy in the second degree. (*Id.*)

Prior to the entry of judgment, Petitioner's attorney brought a motion under New York Criminal Procedure Law ("N.Y. C.P.L.") § 330.30 alleging jury misconduct and that prosecution witness Greg San Filippo had erroneously testified. (*Id.* ¶ 7). By Decision and Order of July 22, 2002, the court denied the motion finding no legal ground for juror misconduct and that the alleged erroneous testimony did not warrant setting aside the verdict. (*Id.* ¶ 8).

On June 14, 2002, Petitioner filed an application for federal habeas corpus relief asserting fifteen grounds for relief. (*Id.* ¶ 9). The Honorable Joanna Seybert of the United States District Court for the Eastern District of New York dismissed that petition with leave to re-file when the judgment of conviction became final. *Dominique v. Reilly*, 02-cv-3677, Dkt. 12 (E.D.N.Y. Aug. 5, 2002).

On June 27, 2002, prior to his sentencing, Petitioner brought a N.Y. C.P.L. § 440.10 motion to vacate the judgment raising numerous alleged violations in connection with the trial. (Decl. ¶ 12). Despite being represented by counsel, the Petitioner filed the motion *pro se*. (*Id.* ¶ 14). The court denied the motion as premature and held that two of the issues had been raised, and denied, in the § 330.30 motion. (*Id.*)

On July 23, 2002, the court sentenced the Petitioner to a determinate term of twenty-five years imprisonment on the attempted murder conviction and a concurrent, indeterminate eight and one-third to twenty-five year term for the conspiracy conviction. (*Id.* ¶ 15). With new counsel, Petitioner filed a timely appeal in the Second Department. (*Id.* ¶ 16). On appeal, Petitioner, with appellate counsel, claimed that: the verdict of "not guilty" on the second-degree assault charge was repugnant to the verdict of "guilty" on the attempted murder charge; Petitioner was deprived of his right to confront accusers; there was improper bolstering of prosecution witnesses; it was error to elicit that the defendant refused to make a videotape of his confession; there was improper vouching of his co-conspirator's testimony; and the sentence was excessive. (*Id.* ¶ 16). The Second Department held that all of Petitioner's claims were without merit and affirmed the judgment. *People v. Dominique*, 36 A.D.3d 624, 625–26 (2d Dep't 2007).

During the pendency of that appeal, on October 25, 2005, Petitioner brought a New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") Article 78 proceeding against the Nassau County District Attorney and the New York State Attorney General. (Decl. ¶ 19). Petitioner contended that the trial court impermissibly amended the indictment, that he was convicted of a crime for which he had not been indicted, and that the court did not have jurisdiction to sentence him "for a crime that exist[ed] only in the imagination of the judge." (*Id.*) The Supreme Court, Nassau County denied Petitioner's application in its entirety and held: "The nature of relief sought is not applicable in this instance . . . . The proper remedy is an appeal . . . . Finally, on the merits, the petition fails." (*Id.* ¶ 21).

On May 4, 2006, Petitioner moved, pursuant to N.Y. C.P.L. § 440.10, to vacate his judgment. (*Id.* ¶ 22). Petitioner filed two addendums to his motion and ultimately "raised the

following claims: (1) the trial court lost jurisdiction of the case when defense counsel waived defendant's appearance for the presentation of some *Rosario* material; (2) the indictment was impermissibly amended and he was improperly sentenced; (3) there were 'faulty court proceedings'; (4) defendant acquired 'newly discovered evidence' which, had he been in possession of it at trial, would have resulted in the verdict being more favorable to him; (5) the police allegedly conducted an unlawful search of defendant's home and office; (6) defense counsel was ineffective; and (7) the prosecutor allegedly suborned perjury." (*Id.*) The Nassau County Court denied the motion in a decision on August 25, 2006, holding that all claims, except for the newly discovered evidence claim, were issues that Petitioner needed to raise on direct appeal. (*Id.* ¶ 24). The court found the newly discovered evidence claim was without merit. (*Id.*).[1] The Second Department denied Petitioner leave to appeal his § 440.10 motion. (*Id.* ¶ 25).

Thereafter, on October 3, 2007, Petitioner moved under N.Y. C.P.L. § 440.20 to set aside his sentence. (*Id.* ¶ 26). He contended that the County Court lacked jurisdiction to sentence him to the "hypothetical (nonexistent) charge of Attempted Murder in the Second Degree." (*Id.*) That decision was dismissed by Justice Peck "with leave to renew, pursuant to C.P.L. § 440.10." (*Id.* ¶ 29). The Petitioner took the court's leave and filed a § 440.10 motion on January 17, 2008 asserting his original claim and adding that "a charge of Conspiracy in the Second Degree is incompatible to a nonexistent crime of Attempted Murder in the Second Degree." (*Id.* ¶ 30). Justice Peck denied this motion on the merits, finding that the claims should have been raised on direct appeal and were nonetheless meritless. (*Id.* ¶ 32). The Second Department denied the Petitioner's motion for leave to appeal. (*Id.* ¶ 35).

---

[1] Petitioner's newly discovered evidence claim was based upon his "discovery" of a new *Miranda* card; however, Petitioner was subsequently convicted of forging that purported *Miranda* card. (*Id.* at xii, n.22).

In September 2008, Petitioner brought an Article 78 petition in the Supreme Court, Albany County against, among others, the prosecutor who tried his case. (*Id.* ¶ 36). This proceeding was dismissed as facially deficient as the Petitioner failed to state a viable claim for an Article 78 petition. (*Id.* ¶ 38).

On September 12, 2008, the Petitioner moved for a writ of error coram nobis alleging that he received ineffective assistance of appellate counsel. (*Id.* ¶ 39). The Petitioner asserted that his appellate counsel should have made the following arguments on direct appeal of his conviction: (1) the trial court and the prosecutor had no jurisdiction to charge and sentence defendant to a hypothetical crime; (2) the trial judge and the attorneys for all parties failed to understand that a defendant is entitled to be present at all material stages of the proceedings; (3) evidence used at trial was irrelevant and illegally obtained through violations of the Fourth and Fifth Amendments of the United States Constitution; (4) the prosecutor violated Petitioner's Sixth Amendment right of confrontation by using trial testimony of a co-defendant of whom he had full control, and other evidence, without affording Petitioner the opportunity for cross-examination; (5) the trial judge denied Petitioner his right to proper summation by repeatedly and unlawfully amending the grand jury indictment before and during deliberations; (6) Petitioner was denied a fair trial by the trial court's improper discharge of a sworn juror in violation of N.Y. State Constitution Art. 1, § 2, and C.P.L. § 270.15(3); (7) Petitioner was denied a fair trial by the court's failure, following the court's charge, to separate and prevent an alternate juror from participating in the deliberation process, thereby increasing the number of jurors to thirteen; (8) the prosecutor misled the court and the jury through his acts of perjury at the trial; (9) the trial judge committed reversible errors by tainting the jury process with his opening remarks, allowing the prosecutor to submit newspaper prints as evidence, and failing to hold a hearing

after reported allegations of jury misconduct in reading a newspaper article concerning the trial; (10) Petitioner was denied a fair trial when the trial court received into evidence an inaudible tape without construction of proper foundations; (11) coercive instructions by the trial judge during deliberations forced the jury to reach a verdict and ruled out any possibility of a hung jury, compounded by failure to keep the jury sequestered; (12) the trial judge denied Petitioner his right to a public trial by keeping the courthouse doors closed for more than five hours until the final recess of the day; and (13) Petitioner received ineffective assistance of trial counsel. (*Id.* ¶ 39).

In response, the People argued that Petitioner's appellate counsel provided a well-written brief on six good faith issues while ignoring issues Petitioner wanted his attorney to raise, but were meritless or unpreserved for appellate review. (*Id.* ¶ 40). The Second Department denied the Petitioner's motion holding that he "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Dominique*, 56 A.D.3d 571, 572 (2d Dep't 2008). The Court of Appeals subsequently denied Petitioner's motion for leave to appeal on January 28, 2009. *People v. Dominique*, 11 N.Y.3d 924 (2009).

On February 3, 2009, Petitioner filed this application for the writ of habeas corpus in the United States District Court for the Northern District of New York. (Decl. ¶ 43). The petition was transferred to the United States District Court for the Eastern District of New York by order of the Honorable Thomas J. McAvoy, U.S.D.J., on February 13, 2009. (*Id.*) Petitioner seeks a writ of habeas corpus alleging the following claims: (A) the trial court and prosecutor had no jurisdictional power to accuse and sentence Petitioner to a nonexistent or hypothetical crime (hereinafter "Ground A"); (B) Petitioner was denied the right to be present during a material stage of his trial (hereinafter "Ground B"); (C) irrelevant, personal, and illegally obtained

evidence was used at trial (hereinafter "Ground C"); (D) Petitioner was denied his right to confront his co-defendants (hereinafter "Ground D"); (E) Petitioner's exculpatory evidence was confiscated before trial and never returned to him (hereinafter "Ground E"); (F) the trial court denied Petitioner his right to a proper summation because it repeatedly and unlawfully amended the indictment before and during deliberations (hereinafter "Ground F"); (G) Petitioner was denied a fair trial by the trial court's improper discharge of a sworn juror (hereinafter "Ground G"); (H) Petitioner was denied a fair trial by the trial court's failure to separate and prevent an alternate juror from participating in the deliberations (hereinafter "Ground H"); (I) the prosecutor committed perjury and suborned perjury by inviting an investment broker to testify falsely against Petitioner (hereinafter "Ground I"); (J) the trial court erred by tainting the jury process with its opening remarks, allowing the prosecutor to submit newspaper articles as evidence, and failed to hold a hearing after there were reported allegations of jury misconduct involving the reading of a newspaper article (hereinafter "Ground J"); (K) the trial court allowed a tape into evidence without a proper foundation (hereinafter "Ground K"); (L) the trial court denied Petitioner a fair trial by forcing the jury to reach a verdict (hereinafter "Ground L"); (M) the trial court deprived Petitioner of his right to a public trial by keeping the courthouse doors closed for more than five hours (hereinafter "Ground M"); and (N) Petitioner was denied effective assistance of trial and appellate counsel, and the right to hire his own lawyer (hereinafter "Ground N").

This petition was initially assigned to the Judge Seybert. (Dkt. 5). An Order to Show Cause was issued on June 29, 2009. (Dkt. 6). The Nassau County District Attorney's Office opposed the petition in a brief and declaration filed on October 16, 2009. (Dkt. 18). The Petitioner filed a brief in reply on November 20, 2009. (Dkt. 20). In an Order dated February

11, 2010, Judge Seybert denied Petitioner's motions (1) for discovery, (2) for an evidentiary hearing, and (3) requesting that Respondent provide a copy of the trial transcripts and all evidence used at trial to Petitioner. (Dkt. 22).

On October 12, 2011, the petition was transferred to this Court. This Court denied Petitioner's request to expand the record on September 26, 2013. (Dkt. 33). At last, the Court now turns to the pending petition for the writ of habeas corpus.

## ANALYSIS

This Court's review of Dominique's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Before the Court can consider the merits of the petition, compliance with AEDPA's procedural requirements must be ensured. As the Government has not asserted a statute of limitations defense, we begin with our consideration of Petitioner's claims that are technically exhausted, but were never fairly presented in state court. Next, we review Petitioner's claims that are barred by independent and adequate state procedural rules. Last, we consider the merits of Ground N. Ultimately, the Court finds that none of Petitioner's claims warrants the issuance of the writ of habeas corpus.

### A. The Majority of Petitioner's Claims Are Procedurally Barred

Grounds B, D, F, G, H, I, J, K, L, M, and one aspect of Ground N[2] of the petition are claims based on the record at trial that were not presented to the Second Department on direct appeal in the state system. These claims were therefore never fairly presented to the state court for review. The Petitioner is no longer able to raise such claims before the appellate division,

---

[2] To the extent Ground N argues that trial counsel was ineffective for failing to argue that Petitioner's sentence should have been vacated because he was convicted of an "illegal" and "nonexistent" crime, that claim is based on the trial record, yet it was not raised on direct appeal. For the reasons below, it is therefore procedurally barred from being raised now.

having already made, and lost, his direct appeal. Without having fairly presented his claims to the state court and with no opportunity to now do so, Petitioner's claims are foreclosed from federal habeas review in this Court.

Under § 2254, a habeas petitioner serving a state sentence must first exhaust all available state court remedies. 28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in the lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen. of New York,* 280 F.3d 87, 94 (2d Cir. 2001). "When a claim has never been presented to a state court, a federal court may theoretically find that there is an 'absence of available State corrective process' under § 2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile. In such a case the habeas court theoretically has the power to deem the claim exhausted." *Aparicio v. Artuz,* 269 F.3d 78, 90 (2d Cir. 2001) (quoting *Reyes v. Keane,* 118 F.3d 136, 139 (2d Cir. 1997)). As the Circuit has recognized, this is a pyrrhic victory for the federal habeas petitioner, because "when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." *Id.* (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)).

Dismissal of a federal habeas petition on procedural default grounds "differs crucially" from a dismissal for failure to exhaust state court remedies because a procedural default constitutes "an adjudication of the merits." *Turner v. Artuz,* 262 F.3d 118, 122–23 (2d Cir.

2001). "This means that any future presentation of the claim would be a second or successive habeas petition, requiring authorization by [the Second Circuit] pursuant to 28 U.S.C. § 2244(b)(3)(A)." *Aparicio,* 269 F.3d at 90. "For a procedurally defaulted claim to escape this fate, the petitioner must show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." *Id.* (citing *Coleman,* 501 U.S. at 748-50). This doctrine and the "attendant 'cause and prejudice'" standard, discussed below, are "grounded in our concerns for federalism and comity between the state and federal sovereigns" and ensure that federal courts "respect the States' interest in correcting their own mistakes." *Id.* at 90 (citing *Coleman,* 501 U.S. at 730–32). "The doctrine applies whether the default occurred at trial, on appeal or on state collateral review." *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 490-92 (1986)).

N.Y. C.P.L. § 440.10(2)(c) "requires a state court to deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record." *Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003). "The purpose of this rule 'is to prevent Section 440.10 from being employed as a substitute for direct appeal when the defendant was in a position to raise an issue on appeal ... or could readily have raised it on appeal but failed to do so.'" *Id.* (quoting *People v. Cooks,* 67 N.Y.2d 100, 103 (1986)).

Here, Grounds B, D, F, G, H, I, J, K, L, M, and one aspect of Ground N, *see* n.1 *supra,* could have been raised on direct appeal as they were based on the record at trial. And while these claims were presented in Petitioner's coram nobis application, that procedural vehicle does not "fairly present" the underlying claim to the state court. *See Turner*, 262 F.3d at 123 (citing *People v. Gordon,* 183 A.D.2d 915 (2d Dep't 1992)) ("In a criminal action, the writ of error

coram nobis lies in [the state appellate court] only to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of appellate counsel."). The writ for error of coram nobis exhausted Petitioner's claim for ineffective assistance of appellate counsel, but the only constitutional claim that Petitioner "was permitted to raise in seeking a writ of error coram nobis was ineffective assistance of appellate counsel, a claim that is distinct from [the underlying claims] in procedural terms under state law and in their federal constitutional sources." *Id.* "A court considering ineffective assistance might never reach the underlying constitutional claims, and the rejection of the ineffective assistance claims without detailed comment does not bespeak any necessary ruling on the underlying constitutional claims." *Id.*

Petitioner lacks a state procedural outlet to raise the claims in Grounds B, D, F, G, H, I, J, K, L, M, and one aspect of Ground N with any New York court. Each of the above grounds for federal habeas relief is based on matters of records from the Petitioner's judgment of conviction and should have been raised on direct appeal. As discussed above, the lack of an "available State corrective process" renders Petitioner's claims exhausted. However, he has already exercised his one and only direct appeal to the Appellate Division. *See Aparicio*, 269 F.3d at 91 (citing 28 U.S.C. §2254(b)(1)(B)(i); N.Y. Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)). With Petitioner lacking an appropriate state outlet for his claims, this Court will treat the claims as exhausted, but procedurally defaulted as a New York state court would find them barred from consideration pursuant to the applicable rule of procedural law. *See id.*; *see also Sweet*, 353 F.3d at 140.

"[P]rocedural default can only be cured by a showing of cause for the default plus prejudice, or a showing of actual innocence." *Aparicio*, 269 F.3d at 91 (citing *Coleman*, 501 U.S.

at 748-49). Petitioner's sole ground for cause would be the ineffective assistance of his appellate counsel, which will only be found if counsel's ineptitude qualifies as a Sixth Amendment violation of Petitioner's constitutional right to an attorney. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As the Court holds that Petitioner was not given ineffective assistance of appellate counsel, there is no adequate cause to excuse his procedural default. *See Aparicio*, 269 F.3d at 91–92; *see also Carvajal v. Artus*, 633 F.3d 95, 108 (2d Cir. 2011).

Furthermore, Petitioner has not shown that there was a fundamental miscarriage of justice, i.e. that he is actually innocent nor that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Sweet*, 353 F.3d at 142 (citing *Schlup v. v. Delo*, 513 U.S. 298, 327–28 (1995)). "The Supreme Court has explained that the fundamental miscarriage of justice exception is 'extremely rare' and should be applied only in 'the extraordinary cases.'" *Id.* (quoting *Schlup*, 513 U.S. at 321-22). "Petitioner does not rely on or present any 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence,' that was not presented at trial." *Diaz v. Bellnier*, 08-CV-4009, 2012 WL 4447357, at *7 (E.D.N.Y. Sept. 24, 2012) (Brodie, J.) (quoting *Schlup*, 513 U.S. at 324); *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (There is a "limited ... type of evidence on which an actual innocence claim may be based" "in order to take advantage of the [*Schlup*] gateway[,]" which includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."); *cf. Rivas v. Fischer*, 687 F.3d 514, 546–47 (2d Cir. 2012) (finding that the petitioner had "a close case" that only passed the *Schlup* standard because the petitioner was able to present reliable scientific expert testimony not presented to the jury and stating that the Second Circuit "would not expect a lesser showing of actual innocence

to satisfy the *Schlup* standard"). Accordingly, there is no cure for Petitioner's procedural default and Grounds B, D, F, G, H, I, J, K, L, M, and one aspect of Ground N of the petition are denied.

### B. Grounds A, C, and E are Barred by Independent and Adequate State Grounds

In a § 2254 petition, a federal court faced with a claim that was dismissed by the state court pursuant to an independent and adequate state ground for dismissal must defer to the state law ruling and decline to review the federal claim. *Whitley v. Ercole*, 642 F.3d 278, 285 (2d Cir. 2011); *see also Coleman*, 501 U.S. at 750. Here, Petitioner's claims in Grounds A, C, and E of his petition for habeas relief were rejected by the state court on state law procedural grounds and were therefore dismissed "independent[ly] of federal constitutional law." *Murden v. Artuz*, 497 F.3d 178, 193 (2d Cir. 2007).

"To bar federal habeas review, however, the state court's decision must rest not only on an independent procedural bar under state law, but also on one that is 'adequate to support the judgment.'" *Id.* at 191–92 (citing *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006)). "A state procedural bar is adequate if it is firmly established and regularly followed by the state in question in the specific circumstances presented in the instant case." *Id.* (citing *Monroe v. Kuhlman*, 433 F.3d 236, 241 (2d Cir. 2006)) (internal quotations omitted). The Second Circuit has articulated the following guideposts for determining whether state procedural grounds were adequate: "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had 'substantially complied' with the rule given 'the realities of trial,' and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest." *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir.

2003) (citing *Lee v. Kemna*, 534 U.S. 362, 376 (2002)). These factors are "not a three-prong test[,]" but are "guideposts to aid inquiry," and a federal habeas court need only consider the germane factors. *Clark v. Perez*, 510 F.3d 382, 391 (2d. Cir. 2008); *see also Monroe v. Kuhlman*, 433 F.3d 236, 242 (2d Cir. 2006).

### 1. *Ground A*

Ground A was raised in Petitioner's January 17, 2008 N.Y. C.P.L. § 440.10 motion. It was rejected by the county court under N.Y. C.P.L. § 440.10(2)(c) and (3)(a), as a claim that was based on the record that should have been brought on direct appeal. (Resp't's Br., Ex. 30, County Court's June 26, 2008 Decision Denying Defendant's January 2008 C.P.L. § 440.10 Motion at 3–4; *see also* Decl. ¶ 32). The state court's ruling on this ground was independent of federal constitutional law as it "fairly appears to rest primarily on state procedural law." *Murden*, 497 F.3d at 191 (quoting *Jimenez*, 458 F.3d at 138).

Of course, the state procedural bar must also be adequate. As to the first *Cotto* factor, "[t]he trial record has little or no bearing when the procedural bar arises *after* trial[.]" *Clark*, 510 F.3d at 391. The final *Cotto* factor is also not germane under these circumstances. The second *Cotto* factor "considers whether state case law indicates that compliance with a procedural rule was required under the specific circumstances of the case." *Id.* at 392. Upon a review of New York law, the rule that a claim based upon a matter of record at trial cannot serve as the basis for relief under N.Y. C.P.L. § 440.10 is firmly established and regularly followed in New York. *See People v. Cooks*, 67 N.Y.2d 100, 103–04 (1986) ("The purpose of those provisions is to prevent CPL 440.10 from being employed as a substitute for direct appeal when defendant was in a position to raise an issue on appeal . . . or could readily have raised it on appeal but failed to do so[.]") (internal citations omitted); *People v. Williams*, 5 A.D.3d 407, 407 (2d Dep't 2004);

*People v. Allen*, 285 A.D.2d 470, 471 (2d Dep't 2001); *see also Andrews v. Downstate Corr. Facility*, 09-CV-1555, 2009 WL 3587280, at *3 (E.D.N.Y. Oct. 27, 2009) (Gleeson, J.). Here, Petitioner's claim that the charge of attempted second degree murder was a hypothetical or nonexistent crime was apparent on the record at trial and must have been brought on direct appeal. Accordingly, the independent procedural ground used to dismiss Ground A when raised in Petitioner's January 2008 § 440.10 motion was adequate. *See Clark*, 510 F.3d at 393 (holding the state court's application of § 440.10(2)(c) was an adequate state procedural bar to collateral federal habeas review); *Acevedo v. Capra*, 13-CV-5579, 2014 WL 1236763, at *10 (E.D.N.Y. Mar. 25, 2014) (Cogan, J.) ("The Second Circuit has regularly held that a court's denial of a § 440.10 motion on the basis of the movant's failure to raise an issue on direct appeal is an independent and adequate state ground barring federal habeas review."); *Holmes v. Brown*, 10-CV-03592, 2013 WL 6408496, at *10 (E.D.N.Y. Dec. 6, 2013) (Amon, C.J.) (same).

### 2. *Ground E*

Ground E, raised in Petitioner's June 2002 N.Y. C.P.L. § 440.10 motion, was dismissed by the state court as premature because such a motion may only be properly brought following the entry of judgment. (Resp't's Br., Ex. 9, County Court's July 22, 2002 Decision Regarding Defendant's June 2002 C.P.L. § 440.10 Motion at 1; *see also* Decl. ¶ 14). Again, the state court's ruling on this ground was independent of federal constitutional law as it "fairly appears to rest primarily on state procedural law." *Murden*, 497 F.3d at 191 (quoting *Jimenez*, 458 F.3d at 138). Furthermore, a review of the *Cotto* factors and New York state law confirms that § 440.10(1)'s requirement that such motion must be made "after the entry of a judgment" was adequate. This procedural violation was actually relied upon by the County Court and New York caselaw is clear that § 440.10 motions are found to be premature when brought prior to judgment. *See People v.*

*Spirles*, 294 A.D.2d 810, 811 (4th Dep't 2002); *People v. Bailey*, 275 A.D.2d 663, 664 (1st Dep't 2000); *People v. Burt*, 246 A.D.2d 919, 923 (3rd Dep't 1998); *People v. Burdash*, 102 A.D.2d 948, 949 (3rd Dep't 1984); *see also* N.Y. C.P.L. § 440.10(1) ("At any time *after the entry of a judgment*, the court in which it was entered may, upon motion of the defendant, vacate such judgment[.]") (emphasis added). As to the final *Cotto* factor, perfect compliance with this rule serves the reasonable state policy interest of requiring all challenges under § 440.10 to occur after judgment, instead of allowing for piecemeal and successive motions draining the judicial resources of the already over-burdened state courts. In sum, the denial of Petitioner's June 2002 N.Y. C.P.L. § 440.10 motion as premature was an independent and adequate state ground barring federal habeas review by this Court.

### 3. *Ground C*

The claims in Ground C were also dismissed by the state courts, on two separate occasions, on independent and adequate state law procedural grounds. Respondent's brief expressed initial uncertainty as to the exact nature of Ground C in light of its simultaneous brevity and breadth— Petitioner alleges a broad swath of constitutional violations, while providing only minimal guidance to ascertain the exact nature of each violation. It is clear, however, from Petitioner's reply brief that he is echoing claims made in two prior N.Y. C.P.L. § 440.10 motions.

The pending claim in Ground C—that "evidences used at trial were irrelevant, personal, and illegally obtained in violation of the Fourth and Fifth Amendments of the United States Constitution, and the Exclusionary Principle"—concerns the nature of the warrant and search conducted at Petitioner's home and office after his arrest. (Pet.'s Reply Br. at 27–33). However, Petitioner's June 2002 § 440.10 motion asserted that the police entered his resident with a forged warrant and his May 2006 § 440.10 motion asserted that the police conducted an unlawful search

of his home and office. (Resp't's Br., Ex. 7, Defendant's C.P.L. § 440.10 Motion at 4–5; Resp't's Br., Ex. 17, Defendant's May 4. 2006 C.P.L. § 440.10 Motion ¶¶ 18–24; *see also* Decl. ¶¶ 12, 22). As discussed above, both of these motions was rejected under New York procedural rules. The June 2002 motion was denied as premature, (Resp't's Br., Ex. 9 at 1), and the May 2006 motion was denied for failing to raise a claim based on the record at trial on direct appeal, (Resp't's Br., Ex. 20, County Court's August 25, 2006 Decision Denying Defendant's May 2006 C.P.L. § 440.10 Motion at 1; *see also* Decl. ¶ 24). The same analysis that barred federal relief for Grounds E and A, respectively, applies with equal force to Ground C. Thus, this Court is not permitted to review the merits of that claim.

### 4. *No Cause and Prejudice or Actual Innocence*

Each of the procedural defects addressed in Sections B.1–3, *supra*, could be cured if the Petitioner demonstrated "cause and prejudice for the procedural default" or that he is "actually innocent of the substantive offense." *Murden*, 497 F.3d at 194. As discussed above, *see* Section A, *supra*, Petitioner's only ground for cause would be the ineffective assistance of appellate counsel, which this Court denies on the merits, *see* Section C, *infra*. Furthermore, as explained in Section A, *supra*, Petitioner has not demonstrated that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Sweet*, 353 F.3d at 142.

Petitioner's claims in Grounds A, C, and E of his petition for the writ of habeas corpus are denied as they are barred from collateral habeas review in this Court by independent and adequate state law grounds.

## C. Ground N is Plainly Meritless

In Ground N of the petition, Petitioner makes three claims alleging the ineffective assistance of counsel. Petitioner claims that he received ineffective assistance of trial counsel, received ineffective assistance of appellate counsel, and was not allowed to hire his own lawyer. The Court finds each of these claims to be meritless.

### 1. Ineffective Assistance of Trial Counsel

Petitioner stakes his ineffective assistance of trial counsel claim on grounds that his attorney accepted a payment for services from a witness and failed to request that the "illegal conviction of a nonexistent crime, not cognizable by the Penal law" be vacated.[3] The first claim is unexhausted, but meritless; while the second claim is barred on procedural grounds, *see* Section A. n.1, *supra*.

Petitioner's claim that his trial counsel accepted payments from a witness is unexhausted because it could be brought through a successive N.Y. C.P.L. § 440.10 motion.[4] *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, *by any available*

---

[3] If Petitioner means to assert an all-encompassing claim that his attorney performed below the minimum standard, *see* Pet. Ground N, that claim was not fairly presented to the state courts and would be procedurally barred if he were to now present it. *See* Section A *supra*. Accordingly, any such expansive claim lurking in Ground N is denied.

[4] The county court could also determine that Petitioner was required to raise this claim in one of his prior § 440.10 motions. *See* N.Y. C.P.L. § 440.10(3)(c) (allowing discretionary successive appeals in the interest of justice upon "good cause shown"); § 440.10(1)(g) (permitting § 440.10 motions when "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence").

*procedure*, the question presented.") (emphasis added); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing a rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). However, § 2254 also permits a district court to deny a writ of habeas corpus on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in state court." 28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (finding that a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless"). Petitioner's ineffective assistance of counsel claim regarding alleged payments from a witness is plainly meritless.

As the Respondent has argued in both its coram nobis response and in its brief before this Court, all indications demonstrate that Petitioner's trial counsel performed well above the requirements of *Strickland*. *See Strickland v. Washington*, 466 U.S. 668 (1984). "Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 694). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)). Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

As an initial note, a review of the record reveals a professionally sound performance by trial counsel. Petitioner's trial counsel engaged in effective cross-examination, made a written demand for a bill of particulars, requested N.Y. C.P.L. § 240.20 discovery, drafted a written motion to controvert the search warrant, voiced objections during testimony, moved twice for an order of dismissal, presented a written motion to set aside the verdict, and argued for leniency at sentencing. This adequate performance manifested itself in trial counsel securing an acquittal for Petitioner of the most serious charge he faced, attempted murder in the first degree, as well as assault in the second degree.

Furthermore, with regard to the specific conduct Petitioner challenges—that his trial counsel accepted payments from Betsy Dominique[5]—Petitioner has made absolutely no showing that his attorney was paid by Ms. Dominique or otherwise had any conflict of interest. The only fact Petitioner cites to substantiate his allegation is an exhibit in his reply brief. That document is merely a request to his trial attorney for payment records related to his state court case. (*See* Pet.'s Reply Br., Ex. 25). Petitioner's baseless allegation does not give rise to an ineffective assistance of counsel claim. *See Morales v. United States,* 199 F.3d 1322, at *2 (2d Cir. 1999) (denying defendant's "conclusory assertion[s]" and finding that they failed to support ineffective assistance claim); *see also Rosenberger v. United States,* 133 F. App'x 799, 801 (2d Cir. 2005) (finding that petitioner provided "no evidence, other than his self-serving, conclusory allegations" in denying petitioner's ineffective assistance of claim); *Russell v. Rock,* 08-CV-1894, 2009 WL 1024714, at *3 (E.D.N.Y. Apr. 15, 2009) (Cogan, J.) ("Petitioner's conclusory allegations regarding his counsel's failure to prepare a defense are insufficient to support an ineffective assistance claim."); *Besser v. Walsh,* 02-CV-6775, 2003

---

[5] Betsy Dominque was the second wife of Petitioner's brother. (Tr. 1949–2016).

WL 22093477, at *36 (S.D.N.Y. Sept. 10, 2003) (Peck, M.J.) (collecting Second Circuit cases). Nonetheless, the record is clear that Petitioner's trial counsel represented Petitioner with zeal in his attempts to have Ms. Dominique testify in the face of her resistance. Petitioner's trial counsel tried to call Ms. Dominique as a witness at the beginning of the defense case. (Tr. at 1949). After counsel was informed that she would invoke her right against self-incrimination if called to testify, counsel proceeded to vigorously question Ms. Dominique outside the presence of the jury.[6] (Tr. 1949–2016).

In the absence of any indication that there was actually a third party payment to Petitioner's trial counsel, the ineffective assistance of trial counsel claim on these grounds is undoubtedly and plainly meritless. And as discussed in Section A, n.1, *supra*, the Petitioner's claim that he was convicted of a nonexistent, hypothetical crime was not fairly presented to the state courts and is barred from collateral review in federal court. Accordingly, Petitioner's claim for ineffective assistance of trial counsel is denied in its entirety.

### 2. *Ineffective Assistance of Appellate Counsel*

Petitioner makes two general claims regarding his alleged ineffective assistance of appellate counsel. *First*, Petitioner claims that appellate counsel failed to raise certain issues on appeal, including "Confrontation Right violation, Amendment of a defective indictment after summation, Violation of the Fourth Amendment, Conviction of a non-existent crime." (Pet., Ground N). These claims were fairly presented to the state courts and are now exhausted. *See*

---

[6] Defense counsel questioned Ms. Dominque outside of the presence of the jury in order to probe the extent to which she would invoke the right against self-incrimination. (Tr. 1949–2016). During that session, Petitioner's counsel argued that the trial court should compel as much of Ms. Dominque's testimony as possible. (Tr. at 1949–2016). Counsel even raised the argument that the government was refusing to grant Ms. Dominque immunity solely to deter Petitioner's counsel from being able to question her as thoroughly as possible. (Tr. 1949–2016).

*People v. Dominique*, 56 A.D.3d 571, 572 (2d Dep't 2008) (denying writ of coram nobis and holding that Petitioner "failed to establish that he was denied the effective assistance of counsel"). Nonetheless, these claims lack merit. *Second*, Petitioner claims that appellate counsel failed to seek leave of the New York Court of Appeals without consulting Petitioner. This claim is unexhausted, however it is also meritless and is denied under 28 U.S.C. § 2254(b)(2).

The same standard regarding ineffective assistance of trial counsel under *Strickland* discussed in Section C.1, *supra*, applies to the question of appellate counsel. Additionally, § 2254 mandates that a federal district court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court

> unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Price v. Vincent*, 538 U.S. 634, 639–40, 123 (2003). In sum, a writ of habeas corpus will not issue merely because the state court misapplied Supreme Court precedent. *Price*, 538 U.S. at 641. Rather,

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ [only] if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). In the Second Circuit, it is well-established that "the objectively unreasonable standard of § 2254(d)(1) means that [a] petitioner must

identify some increment of incorrectness beyond error in order to obtain habeas relief." *Cotto*, 331 F.3d at 248 (internal quotation marks omitted).

### a. Failure to Raise Issues on Direct Appeal

With these guiding standards in mind, the Court turns to the Second Department's terse, but conclusive review of Petitioner's application for the writ of error coram nobis. The court held: "The appellant has failed to establish that he was denied the effective assistance of appellate counsel." *Dominique*, 56 A.D.3d at 572 (citing *Jones v Barnes*, 463 U.S. 745 (1983); *People v Stultz*, 2 N.Y.3d 277 (2004)). Petitioner has failed to establish that the Second Department's decision was either contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

Petitioner's appellate counsel selected six non-frivolous claims to argue on direct appeal. The direct appeal asserted that: the verdict of "not guilty" on the second-degree assault charge was repugnant to the verdict of "guilty" on the attempted murder charge; Petitioner was deprived of his right to confront accusers; there was improper bolstering of prosecution witnesses; it was error to elicit that Petitioner refused to make a videotape of his confession; there was improper vouching of Petitioner's co-conspirator's testimony; and the sentence was excessive. (Decl. ¶ 16). The claims that Petitioner now argues should have been raised on appeal are devoid of merit or unpreserved for appellate review. *Barnes*, 463 U.S. at 751 (holding that no "defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). In fact, the Supreme Court has "recognized the superior ability of trained counsel in the examination into the record, research of the law, and marshalling of arguments on [the

appellant's] behalf" and noted that experienced appellate advocates understand "the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues[.]" *Id.* at 751–52. Petitioner's appellant counsel did exactly this. "After carefully reviewing the transcripts of the trial, [Petitioner's appellate counsel] submitted a brief and included only those points that [he] believed had some merit." (Resp't's Br., Ex. 38, Affirmation of Martin Goldberg, Esq. ("Goldberg Aff.") ¶ 6). Petitioner and his attorney engaged in substantial and substantive conversations concerning the arguments to be raised on appeal, but counsel ultimately determined which claims were meritorious for appeal. (*Id.* ¶ 4).[7] Without a finding of ineffective assistance, a discussion of prejudice is moot.

In sum, the Second Department's holding that Petitioner did not receive ineffective assistance of appellate counsel when his attorney did not raise all of the issues Petitioner sought to appeal was neither contrary to nor an unreasonable applicable of Supreme Court precedent. Petitioner's first ineffective assistance of appellate counsel claim is accordingly denied.

     b.  <u>Failure to Seek Leave to Appeal</u>

Petitioner's second ineffective assistance of counsel claim—that appellate counsel failed to seek leave to appeal to the New York Court of Appeals without consulting Petitioner—is unexhausted as it could be brought in a successive coram nobis application. *See* 28 U.S.C. §

---

[7] For example, as he has contended since his conviction, Petitioner argued to his appellate attorney that attempted murder in the second degree was a hypothetical and imagined crime. (*See* Goldberg Aff. ¶¶ 3–4). Appellate counsel informed Petitioner that attempted murder in the second degree "was a very real crime and gave [Petitioner] illustrations." (*Id.* ¶ 4). This Court reiterates for Petitioner that despite his continued arguments to the contrary, attempted murder in the second degree exists as a crime under New York law. *See generally People v. Fernandez*, 88 N.Y.2d 777, 779 (1996) (holding that defendant's conviction of attempted murder in the second degree was proper); *People v. Cabey*, 85 N.Y.2d 417, 422 (1995) (same).

2254(c). However, because it is plainly meritless, the Court denies Petitioner's claim. *See* 28 U.S.C. § 2254(b)(2).

There is no right to counsel on a discretionary appeal,[8] *Evitts v. Lucey*, 469 U.S. 387, 394 (1985), and therefore, a defendant cannot be denied the effective assistance of appellate counsel with regard to such an appeal, *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982). "[A] writ of habeas corpus cannot be premised on a claim of ineffective assistance of counsel based on counsel's failure to file a timely application for leave for a discretionary appeal." *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2d Cir. 2002) (discussing *Wainwright*). Petitioner cannot have be deprived of effective assistance of appellate counsel on his discretionary appeal to the Court of Appeals because "even if his attorney's performance did not conform to minimum standards, this failure would not violate any constitutional right, and could not serve as the basis for overturning his conviction on application for habeas corpus under Section 2254." *Chalk*, 311 F.3d at 528. "Since [petitioner] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel[.]" *Wainwright*, 455 U.S. at 587–88. Petitioner's second claim for ineffective assistance of appellate counsel is accordingly denied.

### 3. *Petitioner's Claim that he was Not Allowed to Hire his Own Lawyer*

The final sentence of the petition raises the allegation that Petitioner was denied the right to hire his own attorney. This claim was not previously raised, but appears to be based on matters outside the trial record and, therefore, could be brought in a new N.Y. C.P.L. § 440.10 motion. The availability of this procedure renders the claim unexhausted, *see* 28 U.S.C. §

---

[8] An appeal to the New York Court of Appeals in a non-capital felony case, such as Petitioner's, is nondiscretionary. *See* N.Y. C.P.L. § 460.20(2)(a); *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2d Cir. 2002) ("The appellant has no right to have his appeal heard by the Court of Appeals. Whether the appeal will be heard in the Court of Appeals is a discretionary decision").

2254(c), but, because it is plainly without basis, the Court denies the unexhausted claim on the merits, *see* 28 U.S.C. § 2254(b)(2); *see also Rhines*, 544 U.S. at 276–77.

In support of his claim, Petitioner again exhibits the letter to his trial counsel asking for "a copy of the retainer fee, work file product, and receipts and checks payable by any third-party for the above-referenced case to raise a potential conflict of interest." (Pet., Ex. 3). Neither Petitioner's exhibit nor his conclusory allegation gives rise to any indicia that he was denied the right to choose his own attorney. *See Morales*, 199 F.3d at *2; *see also Besser*, 2003 WL 22093477, at *36 (collecting Second Circuit cases). This unadorned allegation is simply without merit or root in reality. Petitioner's final theory under Ground N for ineffective assistance of counsel is denied.

## CONCLUSION

Dominique's petition for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED**

/s/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 17, 2014
        Brooklyn, New York